1

2

3                                    **UNITED STATES DISTRICT COURT**

4                              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

5    **CHERYL NELSON and GEICO GENERAL**              **1:16-cv-01328-LJO-BAM**
     **INSURANCE COMPANY,**
6                                                      **MEMORANDUM DECISION AND**
7                            **Plaintiffs,**           **ORDER GRANTING MOTION TO**
                                                       **DISMISS (Doc. 5)**
                              **v.**
8
     **MEDI-CAL,** *et al.*,
9
10                           **Defendants.**

11

12                                       **I. <u>INTRODUCTION</u>**

13          Plaintiffs Cheryl Nelson and Geico General Insurance Company, by and through counsel, bring

14   this action for interpleader of funds.  Defendant United States[1] and its agency, the Department of Health

15   and Human Services, Centers for Medicare and Medicaid Services, now moves to be dismissed from

16   this action, arguing that the Court lacks jurisdiction over its Medicare repayment claim against funds

17   held by Plaintiffs.  Doc. 5 at 1-2.  Plaintiffs have not opposed the motion.  For the reasons set forth

18   below, Defendant's motion to be dismissed from this action is GRANTED.

19                                       **II. <u>BACKGROUND</u>**

20          Medicare, a program enacted by the U.S. federal government to provide health benefits to

21   eligible persons, is administered by the Centers for Medicare and Medicaid Services, a component of the

22   U.S. Department of Health and Human Services.  *See* 42 U.S.C. §§1395-1395ccc.  The Medicare

23   _____

24   [1] On September 8, 2016, Defendant filed a notice of substitution for Defendant Medicare (named Medi-Care in the

25   complaint) in this action on the basis that the United States is the party responsible for the Medicare program.  Doc. 2 at 1-2.

1  Secondary Payer Act ("MSPA") was enacted to reduce the strain on the federal budget from increased

2  Medicare claims by ensuring that Medicare payment obligations are subrogated to other payment plans,

3  such as automobile or liability insurance.  42 U.S.C. § 1395y; *see Zinman v. Shalala*, 67 F.3d 841, 843

4  (9th Cir. 1995).  If the beneficiary of a conditional Medicare payment receives a settlement from a

5  primary insurance plan, Medicare is entitled to reimbursement from the beneficiary for its conditional

6  payment.  *Zinman*, 67 F.3d at 843.

7       Plaintiffs filed an action for interpleader of funds in Merced County Superior Court on

8  November 25, 2015.  Doc. 1 at 1-2.  Plaintiffs seek to resolve competing claims by 12 entities, including

9  Defendant, against a $100,000 motor vehicle accident insurance settlement to be paid by Plaintiffs to

10  Ralph Brown.  Doc. 1 at 8.  Plaintiffs allege that they are unable to determine the validity of any claims

11  against the settlement, the entities to which the settlement belongs, and the proportion due to each entity.

12  Doc. 1 at 9.  Defendant has made conditional payments totaling approximately $4,100 for medical care

13  related to Mr. Brown's accident.  Doc. 5-1 at 2.  Plaintiffs have not alleged that they have exhausted

14  their available administrative remedies under the Medicare Act.

15       On September 8, 2016, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441,

16  1442(a), and 1444.  Doc. 1 at 1.  On September 15, 2016, Defendant filed a motion to dismiss with a

17  supporting memorandum of points and authorities.  Doc. 5.  Plaintiffs did not file a response, and on

18  October 11, 2016, Defendant filed a reply.  Doc. 6.

19       Defendant contends that it is entitled to reimbursement of payments made for Mr. Brown's

20  medical care under the MSPA.  42 U.S.C. § 1395y; Doc. 5 at 2.  Defendant also argues that it should be

21  dismissed from this action as the Court lacks subject-matter jurisdiction to adjudicate its claim and has

22  not waived sovereign immunity.  Doc. 5 at 2.  The Court does not have subject-matter jurisdiction,

23  Defendant argues, for two reasons.  First, the MSPA does not give the Medicare program a lien against

24  the insurance proceeds and therefore 28 U.S.C. § 2410, which constitutes a waiver of sovereign

25  immunity and confers jurisdiction on any federal district court in an action involving property on which

1  the United States has or claims a lien or mortgage, does not apply.  Doc. 5-1 at 3-4.  Second, Defendant

2  argues that the MSPA requires that a party exhaust its administrative remedies before a claim arising

3  under the Medicare Act is subject to judicial review, and Plaintiffs have not alleged that they have

4  completed exhaustion.  Doc. 5-1 at 5-6.  Therefore, Defendant contends, the Court lacks jurisdiction.

5  Doc. 5-1 at 6.

6  ### III. <u>ANALYSIS</u>

7  Although presenting related concepts, sovereign immunity and subject-matter jurisdiction are

8  distinct issues which present independent obstacles.  *United States v. Park Place Associates, Ltd.*, 563

9  F.3d 907, 923-24 (9th Cir. 2009).  Even if sovereign immunity is waived, subject-matter jurisdiction

10  must be conferred by statutory authority for an action against the United States to be maintained.

11  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982);

12  *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).  Conversely, the mere fact

13  that a competent forum exists to hear a case does not mean that the Unites States has waived sovereign

14  immunity.  *Park Place*, 563 F.3d at 924.  "[A] statute may create subject-matter jurisdiction yet not

15  waive sovereign immunity."  *Powelson v. United States*, 150 F.3d 1104, 1105 (9th Cir. 1998).

16  **A.**    **<u>Sovereign Immunity</u>**

17  The United States is immune from suit unless it has unequivocally expressed its waiver of

18  sovereign immunity.  *Tobar v. United States*, 639 F.3d 1195 (9th Cir. 2011).  "[W]ithout specific

19  statutory consent, no suit may be brought against the United States."  *United States v. Shaw*, 309 U.S.

20  495, 500-01 (1940).  A purported waiver of sovereign immunity "is to be strictly construed, in terms of

21  its scope, in favor of the sovereign."  *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).  A

22  suit against a federal agency which seeks relief against the sovereign is, in effect, a suit against the

23  sovereign, and the principles of sovereign immunity apply to that agency.  *Larson v. Domestic &*

24  *Foreign Commerce Corp.*, 337 U.S. 682, 687-88 (1949).  The party who seeks relief carries the burden

25  of showing an explicit waiver of sovereign immunity.  *Dunn & Black, P.S. v. United States*, 492 F.3d

3

1   1084, 1088 (9th Cir. 2007); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189

2   (1936) (holding that the party seeking relief "must carry throughout the litigation the burden of showing

3   that he is properly in court").

4          Plaintiffs, who have the burden of showing that sovereign immunity has been waived by the

5   United States, did not advance any argument regarding sovereign immunity in their complaint and did

6   not respond to the motion to dismiss.  Defendant argues that the federal interpleader statutes do not

7   waive sovereign immunity.  Doc. 5-1 at 3.  Federal Rule of Civil Procedure ("Rule") 22 permits parties

8   to "be joined as defendants and required to interplead," but is not an express waiver of sovereign

9   immunity.  *See* Rule 82 ("These rules do not extend or limit the jurisdiction of the district courts or the

10   venue of actions in those courts."); *Morongo Band of Mission Indians v. California State Bd. of*

11   *Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988) ("Rule 22, however, is merely a procedural device; it

12   confers no jurisdiction on the federal courts.").  Therefore, Rule 22 does not establish waiver.

13   Defendant also argues that sovereign immunity is not waived by 28 U.S.C. § 2410, which permits the

14   United States to be named as a party in any civil action or suit in district court "of interpleader or in the

15   nature of interpleader with respect to, real or personal property on which the United States has or claims

16   a mortgage or other lien."  Doc. 5-1 at 3-4.  The Ninth Circuit has held that § 2410 operates as an

17   express waiver of sovereign immunity.  *Arford v. United States*, 934 F.2d 229, 234 (9th Cir. 1991).

18   Section 2410 does not, however, constitute a waiver of sovereign immunity here because the right of

19   repayment created by the MSPA does not, by itself, establish a lien.  The MSPA provides that the

20   Medicare Trust Fund may be reimbursed for any conditional payment and creates a right of action for

21   the United States to recover that payment.  42 U.S.C. §§ 1395y(b)(2)(ii)-(iii).  These provisions permit

22   the government to "bring an action against any entity which is responsible to pay primary" medical

23   expenses but "does not give the government a claim against property."  *Zinman v. Shalala*, 835 F. Supp.

24   1163, 1171 (N.D. Cal. 1993); *see Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir. 1984); *Blue Cross and*

25   *Blue Shield Ass'n v. Sullivan*, 794 F. Supp. 1166, 1171 (D.D.C. 1992).  In cases concerning tax disputes

4

1   where the United States has a right of recovery against an entity but no lien or mortgage interest in real

2   or personal property, the Ninth Circuit has held that § 2410 does not waive sovereign immunity.  *See,*

3   *e.g*, *Dunn & Black*, 492 F.3d at 1092-93 (holding that § 2410 did not waive sovereign immunity when

4   the government exercised a right of setoff against a taxpayer's money judgement which was in the hands

5   of the IRS).  Defendant similarly claims only a right of action against Plaintiffs as primary payers, not a

6   mortgage or other lien which would trigger § 2410.  Since Plaintiffs have not met their burden of

7   showing that sovereign immunity has been waived, and there does not appear to be any such waiver,

8   Defendant's motion to dismiss is GRANTED.

9   **B.**   **Subject-Matter Jurisdiction**

10          The Medicare Act, including the MSPA, vests subject-matter jurisdiction in the federal courts

11   only once administrative remedies are exhausted.  The Medicare statute specifically incorporates the

12   procedures established for judicial review of Social Security determinations found at 42 U.S.C. § 405(g).

13   42 U.S.C. § 1395ff(b)(1)(A).  Those procedures require that parties exhaust their administrative options

14   before judicial review of "the Secretary's final decision" is proper.  42 U.S.C. § 1395ff(b)(1)(A); *see*

15   *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 15 (2000) (stating that "§405(g)

16   contains the nonwaivable and nonexcusable requirement that an individual present a claim to the agency

17   before raising it in court").  Section 405(h) "purports to make exclusive the judicial review method set

18   forth in § 405(g)."  *Illinois Council*, 529 U.S. at 10.  Therefore, § 405(g) "is the sole avenue for judicial

19   review for all 'claim[s] arising under' the Medicare Act."  *Heckler v. Ringer*, 466 U.S. 602, 615 (1984)

20   (quoting 42 U.S.C. § 405(h)).  A claim arises under the Medicare Act if "both the standing and the

21   substantive basis for the presentation" of the claims is the Medicare Act.  *Weinberger v. Salafi*, 422 U.S.

22   749, 760-61 (1975).  Whether a claim involves an award of benefits or declaratory and injunctive relief

23   makes no difference.  *Ringer*, 466 U.S. at 615.

24          In this action, even though the claim at issue is whether Defendant is entitled to payment from

25   the settlement rather than whether Medicare is obligated to make a payment, the claim arises under the

1  Medicare Act.  *See Fanning v. United States*, 346 F.3d 386, 399-400 (3d Cir. 2003) (holding that a claim

2  concerning whether an entity is a primary plan for the purpose MSPA repayments arises under the

3  Medicare Act); *Walters v. Leavitt*, 376 F. Supp. 2d 746, 755 (E.D. Mich. 2005) (when a party seeks "a

4  determination of the amount of reimbursement that [Medicare] will seek under its subrogation rights

5  created by the [MSPA]" the matter arises under the Medicare Act and triggers §405(h)).  Because the

6  claim here arises under the Medicare Act, § 405(g) is the sole avenue for judicial review of the claim.

7  Plaintiffs have not alleged that their administrative remedies under § 405(g) are exhausted.  Since there

8  has been no final decision of the Secretary as to Defendant's claim against the settlement proceeds, the

9  Court lacks subject matter jurisdiction over the repayment claim at issue here.  Therefore, Defendant's

10 motion to dismiss is GRANTED.

11                              **IV. <u>CONCLUSION AND ORDER</u>**

12          In summary, Plaintiffs have identified no federal statute indicating that sovereign immunity has

13 been waived.  Rule 22 permits an interpleader action but does not waive sovereign immunity.  Section

14 2410 waives sovereign immunity but does not apply here.  Therefore, Defendants motion to dismiss is

15 GRANTED.  Alternatively, Defendant's motion to dismiss is granted because the Court lacks subject

16 matter jurisdiction.  The Medicare channeling provisions provide specific procedures regarding claims

17 arising under the Medicare statutes.  Plaintiffs have not alleged that the Secretary has issued a "final

18 decision" regarding Medicare's claims related to Mr. Brown's accident.  Accordingly, Defendant's

19 motion to dismiss for lack of subject matter jurisdiction is GRANTED.

20

21 IT IS SO ORDERED.

22    Dated:  __**November 4, 2016**__          _____**/s/ Lawrence J. O'Neill**_____
                                               UNITED STATES CHIEF DISTRICT JUDGE

23

24

25

                                               6